IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TAPIA PROMOTIONS, LLC,**

    Plaintiff,

v.                                                      No. 1:24-cv-00973-DHU-JHR

**JOSEPH G. KELLY and
JGK, LLC,**

    Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO ORDER DEFENDANT TO SHOW CAUSE ON PLAINTIFF'S OBJECTION TO REMOVAL [DOC. 6].

THIS MATTER comes before the undersigned on Tapia Promotions, LLC's Objection to Motion for Removal [Doc. 6]. Presiding District Judge David. H. Urias referred this case to me on March 12, 2025, pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3). [Doc. 25]. Kelly filed a response to the objection [Doc. 7], JGK, LLC did not file a response, and Tapia Promotions did not file a reply. Having reviewed the briefing, case record, and applicable law, I RECOMMEND that the Court order Kelly to show cause why the case should not be remanded to state court for failure to prove complete diversity.

### I.    PROCEDURAL BACKGROUND

Tapia Promotions filed suit against Defendants in New Mexico state court on May 23, 2023, for breach of contract, misrepresentation, and fraud. [Doc. 1, at 11–13]. Tapia Promotions alleged it entered a contract with Kelly through his company JGK, LLC to organize and promote a boxing event in Rio Rancho. *Id.* at 10. As part of their venture, Kelly agreed to provide the prize money. *Id.* at 11. Kelly gave the winning fighters checks but then froze the account the checks were drawn on and refused all demands for payment. *Id.* Kelly's actions forced Tapia Promotions to cover at least $56,7000 owed to the fighters. *Id.*

1

On September 30, 2024, Kelly pro se removed the case to this Court citing diversity and federal question jurisdiction. *Id.* at 1. In his notice of removal, Kelly stated that Tapia Promotions is "a registered LLC in the State of New Mexico and on information and belief, the principal owner(s) is a citizen of New Mexico." *Id.* at 2. Kelly asserted that he is a "resident" of Kansas, and JGK, LLC "is registered and licensed in the state of Kansas." *Id.* As to damages, Kelly argued "Plaintiff . . . seeks unspecified compensatory damages as well as punitive damages. Thus, well over $75,000.00 is in controversy and the jurisdictional threshold . . . is satisfied." *Id.* As a basis for federal question jurisdiction, Kelly asserted that Tapia Promotions' claims are preempted by federal law. *Id.* at 1.

On October 7, 2024, Kelly filed his answer to Tapia Promotions' complaint and pleaded several counterclaims. [Doc. 4]. Kelly denied liability and alleged that representatives of Tapia Promotions trapped and threatened him to force him to pay the prize money and other expenses without a contractual obligation to do so on his part. *Id.* at 6. Kelly "succumbed" in hopes of leaving without injury, which he did with help from a police escort. *Id.* On October 29, 2024, Tapia Promotions filed its objection to removal.

## II.     BRIEFING SUMMARY

Tapia Promotions argues that the Court cannot exercise diversity jurisdiction because it only seeks $67,846.01 in damages and Kelly failed to show the parties are completely diverse. [Doc. 6-1, at 1–2]. Tapia Promotion also argues that no issues of federal law are presented by its suit. *Id.* at 2. Kelly responds that he has shown Tapia Promotions is a New Mexico citizen diverse from himself and JGK, LLC as Kansas citizens. [Doc. 7, at 2–3]. Kelly argues that the amount in controversy exceeds the jurisdictional threshold because Tapia Promotions seeks "unspecified compensatory damages as well as punitive damages" on top of the $56,700 Tapia Promotions allegedly paid the fighters as a result of Kelly's torts. *Id.* at 4. In addition, Kelly asserts federal

question jurisdiction is satisfied because Tapia Promotions' claims are preempted by federal law. *Id.* at 2.

## III.     APPLICABLE LAW

A.     **Federal Subject Matter Jurisdiction.**

Federal courts have limited subject matter jurisdiction and may not adjudicate a case without an adequate showing of jurisdiction by the party invoking it. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (quotation omitted). Federal district courts' jurisdiction requires the case to fall within the federal judicial power set by the Constitution and the scope of a jurisdictional statue. *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Kelly raises diversity jurisdiction and federal question jurisdiction. [Doc. 1, at 1].

   1.     *Diversity jurisdiction.*

Federal courts may exercise subject matter jurisdiction over cases where the amount in controversy exceeds the value of $75,000 and the adverse parties are citizens of different states. 28 U.S.C. § 1332(a)(1). To meet the amount-in-controversy requirement, the case's facts or allegations must establish a judgment worth more than $75,000 is "in play." *Phelps Oil & Gas, LLC v. Noble Energy Inc.*, 5 F.4th 1122, 1126 (10th Cir. 2021) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008)). Any judgment's recovery or cost of compliance must be "legally certain" to fall short of $75,000 for a court to deny jurisdiction. *Id.*; *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003). Thus, the amount-in-controversy requirement generally will only defeat jurisdiction if law or contract limits recovery or federal jurisdiction is obviously being abused based on the facts or allegations of the case. *Interstate Med. Licensure Compact Comm'n v. Bowling*, 113 F.4th 1266, 1275 (10th Cir. 2024).

To satisfy the diversity requirement the case must have "complete diversity," meaning no one plaintiff and one defendant can share the same citizenship. *Grynberg v. Kinder Morgan Energy*

*Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). A natural person's citizenship is his domicile, or the state in which he resided with an intent to remain indefinitely at the time of the lawsuit's filing. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). A party's residency alone may in certain circumstances serve as a prima facie showing of citizenship, but the court must later confirm the party's actual domicile. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

Business entities' citizenship depends on their structure. Incorporated parties are deemed citizens of both the state of their incorporation and the state of their principal place of business. 28 U.S.C. § 1332(c)(1). In contrast, unincorporated associations are citizens of each state of which any member is a citizen. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016). A limited liability company is unincorporated and therefore a citizen of each state of which any member is a citizen. *See Siloam Springs*, 781 F.3d at 1237–38; *see also Mgmt. Nominees, Inc. v. Alderney Invs., LLC*, 813 F.3d 1321, 1325 (10th Cir. 2016).[1] If a member is itself a limited liability company, the court must pierce "through however many layers" of membership it takes to reach all composing natural persons or corporations. *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1009 (10th Cir. 2025) (internal quotation omitted).

   2.   *Federal question jurisdiction.*

A court may exercise federal question jurisdiction, or "arising under" jurisdiction, over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To establish federal question jurisdiction, the "complaint must identify the statutory or

---

[1] Even if a limited liability company has unique features resembling incorporation under state law, only those entities constituting corporations in the traditional understanding of the word are treated separately from their composing individuals for diversity jurisdiction. *Siloam Springs*, 781 F.3d at 1237 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 197 (1990)).

4

constitutional provision under which the claim arises and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986). Federal question jurisdiction follows the "well-pleaded-complaint rule," meaning jurisdiction must arise from the complaint itself and not a defense or counterclaim. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

For a federal question to arise from a complaint, federal law must either create the cause of action or the plaintiff's right to relief must necessarily depend on a "substantial question" of federal law. *Gilmore v. Weatherford*, 694 F.3d 1160, 1170 (10th Cir. 2012) (citation omitted). The "substantial question" test is exacting and narrow. *Id.* at 1171. The federal issue must not only be an essential element of the plaintiff's claim, but also actually disputed, important to the federal system as a whole, and capable of resolution without disrupting the federal-state balance of judicial responsibilities approved by Congress. *Id.* at 1173–74; *Bd. of Cnty. Comm'rs v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1265, 1268 (10th Cir. 2022). In addition, federal courts recognize an "artful pleading" exception where the complaint asserts state claims that are so completely preempted by federal law that the cause of action is necessarily "federal in character." *Suncor Energy*, 25 F.4th at 1256 (quoting *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996)).

**B.    Removal to Federal Court.**

If a plaintiff files a suit in state court that falls within federal jurisdiction, a defendant may remove the action to a federal district court sitting in the same forum. 28 U.S.C. § 1441(a). The defendant must file a notice of removal containing "a short and plain statement" of his grounds for removal and include a copy of all "process, pleadings, and orders served upon such a defendant or defendants in such action" within thirty days of service of the initial pleading or summons. *Id.* § 1446(a), (b)(1). If the suit does not satisfy federal jurisdiction on its initial filing, a defendant can still remove to the federal court within thirty days of receiving a copy of an amended pleading,

5

motion, order or "other paper" demonstrating the suit now falls within its jurisdiction. *Id.* § 1446(b)(3).

Additional statutory requirements apply if the defendant removes on the basis of diversity jurisdiction. First, the defendant cannot remove to federal court if any properly joined and served defendant to the case is a citizen of the state where the suit was filed. *Id.* § 1441(b)(2). Second, all defendants who have been properly joined and served must join in or consent to removal. *Id.* § 1446(b)(2)(A). And finally, a defendant cannot remove a case more than one year after its commencement unless the plaintiff acted in bad faith to prevent removal. *Id.* § 1446(c).

Once a defendant removes to federal court, a plaintiff may file a motion to remand back to state court. *Id.* § 1447(c). A plaintiff can raise two kinds of improper removal: (1) a lack of subject matter jurisdiction, or (2) the defendant's failure to follow required procedure. *Huffman v. Saul Holdings Ltd.*, 194 F.3d 1072, 1076 (10th Cir. 1999). A motion to remand based on "any defect" other than lack of subject matter jurisdiction must be filed within thirty days after the defendant's filing of the notice of removal. 28 U.S.C. § 1447(c). "Any defect" means a violation of a statutory procedural requirement for removal but does not include all possible procedural errors. *See City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1095 (10th Cir. 2017). If a plaintiff fails to challenge a procedural error, he waives the issue and the federal court may not *sua sponte* consider it. *Id.* at 1093; *Washburn v. Santa Fe Tow*, 164 F. App'x 740, 742 (10th Cir. 2006).

## IV.    ANALYSIS

At the outset, I note Tapia Promotions improperly filed an "objection" rather than a motion. Removal to federal court is automatic and a plaintiff must file a motion to remand to contest removal. 28 U.S.C. §§ 1441, 1447; *see* Fed. R. Civ. P. 7(b). However, I continue to the merits of the parties' briefing because the Court has an independent obligation to assure itself of its subject

6

matter jurisdiction. *E.g.*, *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

Tapia Promotions only challenges jurisdiction and does not argue any procedural defects occurred in removal. [Doc. 6-1]. Therefore, the Court may only consider jurisdictional issues. *Soto Enters.*, 864 F.3d at 1093, 1095; *see also* 28 U.S.C. § 1447(c). I recommend the Court find that Kelly did not establish federal question jurisdiction, has satisfied the amount-in-controversy requirement, and has not satisfied the complete diversity requirement. Consequently, I recommend the Court order Kelly to show cause why the case should not be remanded for lack of diversity.

A.   **Kelly Cannot Establish Federal Question Jurisdiction.**

As the removing party, Kelly must show the Court can exercise federal question jurisdiction over Tapia Promotions' suit. *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014). Kelly does not state what federal issue arises on the face of Tapia Promotions' complaint. [Doc. 1, at 1]; [Doc. 7, at 2]; *Martinez*, 802 F.2d at 1280. Kelly only cites federal law in his counterclaims, which cannot validate jurisdiction. *Holmes Group*, 535 U.S. at 831. Therefore, I propose finding Kelly has failed to establish federal question jurisdiction.

B.   **Kelly Satisfied the Amount-in-Controversy Requirement.**

I propose finding Kelly has satisfied the amount-in-controversy requirement for diversity jurisdiction. Tapia Promotions asserts it seeks less than $68,000 in compensatory damages. [Doc. 6-1, at 2]. However, Tapia Promotions also requested punitive damages in its complaint. [Doc. 1, at 13]. Under New Mexico law, Tapia Promotions may receive punitive damages for its fraud and breach-of-contract claims. *See Stanton v. Gordon Jewelry Corp.*, 1989-NMSC-005, ¶ 9, 768 P.2d 888, 889; *see also Romero v. Mervyn's*, 1989-NMSC-081, ¶ 23, 784 P.2d 992, 998. Punitive damages do not have a hard cap; New Mexico courts instead consider whether the amount of punitive damages comports with due process based on the reprehensibility of the defendant's

7

conduct, the disparity between the punitive damages and harm suffered by the plaintiff, and the difference between the punitive damages and comparable civil penalties. *Chavarria v. Fleetwood Retail Corp.*, 2006-NMSC-046, ¶ 36, 143 P.3d 717, 728. Generally, a single-digit ratio between punitive and compensatory damages is more likely to satisfy due process. *Jolley v. Energen Res. Corp.*, 2008-NMCA-164, ¶ 36, 198 P.3d 376, 386.

Tapia Promotions alleged paying fighters $56,700 as a result of Kelly's wrongdoing. [Doc. 1, at 11]. Tapia Promotions certified it seeks a judgment in excess of $25,000 *exclusive* of punitive damages, interests, costs, and attorney fees. *Id.* at 17. Since punitive damages alone would only need to be a fraction of Tapia Promotions' potential compensatory damages for a judgment to exceed $75,000, the amount in controversy is satisfied. *See Bowling*, 113 F.4th at 1275.

### C.   Kelly Has Not Satisfied the Complete Diversity Requirement of Diversity Jurisdiction.

I propose finding Kelly has not shown Tapia Promotions is diverse from himself and JGK. First, in his notice of removal Kelly only stated he resides in Kansas; while that statement may satisfy a prima facie showing of domicile, the Court will require further proof to assure itself of jurisdiction. *Siloam Springs*, 781 F.3d at 1238. Second, Kelly confused the citizenship test for corporations and limited liability companies. Kelly offers the states of registration for JGK and Tapia Promotions and states the "principal owner" of Tapia Promotions is a New Mexico citizen. [Doc. 7, at 3]. However, as limited liability companies JGK and Tapia Promotions share the citizenships of each of its respective members. *Choice Hospice*, 125 F.4th at 1008–09. Without that information, the Court cannot determine the case has complete diversity. But Kelly's omissions do not require remand as the Court may order Kelly to supply the missing information in his notice of removal. *See Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 301 (10th Cir. 1968); *May v. Bd. of Cnty. Comm'rs*, 945 F. Supp. 2d 1277, 1294 (D.N.M. 2013); 28 U.S.C. §

1653. I therefore recommend the Court order Kelly to show cause why complete diversity in this case is satisfied.

V. **CONCLUSION**

In sum, I recommend the Court find it does not have federal question jurisdiction, find that the amount-in-controversy requirement for diversity jurisdiction is satisfied, and order Kelly to show cause why this case should not be remanded for lack of complete diversity. Kelly's response to the order should include the following:

1) The place of Kelly's domicile at the time Tapia Promotions' suit was filed;

2) The identities of each and every member of Tapia Promotions, LLC and their citizenships, including the identities and citizenships of each and every member of all composing limited liability companies or other unincorporated associations;

3) The identities of each and every member of JGK, LLC and their citizenships, including the identities and citizenships of each and every member of all composing limited liability companies or other unincorporated associations.

I recommend the Court order Kelly to provide this information within **fourteen (14) days** of its order and warn that failure to do so will result in remand.

Additionally, I note JGK, LLC has not obtained counsel as required by law despite the Court's instruction. [Doc. 11 text only]; *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001). I recommend the Court order Kelly to have counsel enter an appearance on behalf of JGK, LLC or show cause why he is unable to do so within **fourteen (14) days** of its order. I recommend the Court warn Kelly that failure to do so may result in sanctions up to and including entry of default judgment.

_____
Hon. Jerry H. Ritter
United States Magistrate Judge

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of the Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of these proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**