IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TAPIA PROMOTIONS, LLC,**

    Plaintiff,

v.   No. 1:24-cv-00973-DHU-JHR

**JOSEPH G. KELLY and**
**JGK, LLC,**

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the undersigned on Joseph Kelly's Motion for Default Judgment [Doc. 16], Tapia Promotions, LLC's Motion to Allow the Filing of an Untimely Answer to the Counterclaim [Doc. 20], and Kelly's Motion to Dismiss Plaintiff's Motion to Allow the Filing of an Untimely Answer to the Counterclaim. [Doc. 21]. Presiding District Judge David Urias referred this case to me on March 12, 2025, pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3). [Doc. 25]. Tapia Promotions did not respond to Kelly's motion for default judgment, and Kelly did not respond to Tapia Promotions' motion to untimely file. Tapia Promotions responded to Kelly's motion to dismiss [Doc. 22], and Kelly replied [Doc. 24].

This Proposed Findings and Recommended Disposition is issued provisionally in light of the Court's pending determination of subject matter jurisdiction. *See* [Docs. 6, 26]. Therefore, if the Court finds it lacks jurisdiction these proposed findings will be moot. Having reviewed the briefing, case record, and applicable law, I RECOMMEND the Court set aside the entry of default against Tapia Promotions, grant Tapia Promotions' motion to untimely file, and deny Kelly's motions.

1

## I.    PROCEDURAL BACKGROUND

Tapia Promotions filed suit in New Mexico state court on May 23, 2023, for breach of contract, misrepresentation, and fraud. [Doc. 1, at 11–13]. Tapia Promotions alleged Kelly and his company JGK, LLC violated their contract for a Rio Rancho boxing event by defrauding the winning fighters of their prize money. *Id.* at 10–11. On September 30, 2024, Kelly pro se removed to this Court. *Id.* at 2. The notice of removal was served by the Court's electronic filing system on Tapia Promotions' attorney of record, Angelo J. Artuso. Kelly also certified that he mailed the notice to attorney Joseph Tapia. *Id.* at 4. Joseph Tapia had entered an appearance for Tapia Promotions and was still listed as Tapia Promotions' counsel in New Mexico state court when Kelly removed to this Court. *See* [Doc. 12, at 2–3]; [Doc. 22-1]; [Doc. 24, at 6–8]. Joseph Tapia, however, has never entered an appearance or otherwise been recognized as an attorney of record in this Court.

On October 7, 2024, Kelly filed an answer denying liability and pleading counterclaims for duress, defamation, violation of Rule 11, and violations of 18 U.S.C. §§ 873 and 1591(e)(2). [Doc. 4]. Kelly alleged that Tapia Promotions extorted him into agreeing to pay the prize money and other expenses for the event. *Id.* at 6. The filing was served electronically on Artuso and mailed by Kelly to Joseph Tapia. Tapia Promotions did not answer Kelly's counterclaims. On October 29, 2024, Attorney Troy Ward entered an appearance on behalf of Tapia Promotions and filed an objection to removal. [Doc. 6]. On November 21, 2024, Artuso filed a notice in this Court attaching the state court order approving his withdrawal on September 26, 2024, four days before Kelly's removal. [Doc. 12]. The Court terminated Artuso as an attorney of record the same day.

On December 11, 2024, Kelly moved for entry of default and default judgment on his counterclaims. [Docs. 16, 17]. The Clerk of the Court entered default against Tapia Promotions on

2

Kelly's counterclaims pursuant to Rule 55(a) on December 27, 2024. [Doc. 18]. On January 27, 2025, attorney Amavalise Jaramillo entered his appearance on behalf of Tapia Promotions. [Doc. 19]. The next day, Tapia Promotions moved to file an untimely answer to Kelly's counterclaim. [Doc. 20]. On January 29, Kelly moved to "dismiss" Tapia Promotions' motion to untimely file. [Doc. 21].

## II.     BRIEFING SUMMARY

As an initial matter, I note both Tapia Promotions and Kelly filed motions in response to motions which they opposed. *See* [Docs. 20, 21]. But objections to motions should be made in the form of response briefs. *See* D.N.M.LR-Civ. 7.1(b); *see also United States v. Valdez*, 685 F. Supp. 3d 1110, 1153 (D.N.M. 2023) (motions generally may not be attacked by a motion to strike). Tapia Promotions also failed to move to set aside default pursuant to Rule 55(c), though it raised that argument in its briefing. *See* Fed. R. Civ. P. 7(b) (requests for court action should be made in the form of a motion). I recommend the Court warn the parties that all future improper filings will be summarily denied.

However, granting dispositive motions on procedural grounds is generally disfavored. *Est. of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 633 (D.N.M. 2013). Furthermore, federal courts may *sua sponte* consider whether to set aside entries of default. *Roberts v. Generation Next, LLC*, No. 18-cv-00975, 2020 WL 1917087, at *2 (D.N.M. Apr. 20, 2020). Therefore, I recommend the Court consider the merits of the issues presented: whether the Court should set aside the entry of default against Tapia Promotions and allow it to file an untimely answer, or enter default judgment in favor of Kelly on his counterclaims.

**A.     Tapia Promotions' Arguments in Favor of Permitting an Untimely Answer.**

Tapia Promotions asserts Kelly improperly served the notice of removal and his motion for default. [Doc. 20, at 1]. In addition, Tapia Promotions' attorney Troy Ward was in hospice, heavily medicated, and fell out of communication while Kelly's motions pended. *Id.*; [Doc. 22, at 4]. Tapia Promotions argues its failure to file a timely answer was therefore a product of excusable neglect. [Doc. 20, at 1–2]. For the same reasons, Tapia Promotions argues there is good cause to aside the entry of default. [Doc. 22, at 4]. Tapia Promotions raises the fact that the Court's jurisdiction is in dispute as a factor which can justify a delay in filing responsive pleadings. *Id.* at 5. Tapia Promotions further argues it has meritorious defenses to Kelly's counterclaims, Kelly will suffer minimal prejudice from setting aside default and permitting an untimely answer, and courts strongly prefer resolving cases on their merits. *Id.* at 5–7.

**B.     Kelly's Arguments in Favor of Default Judgment.**

Kelly argues service of his notice of removal and answer was proper because he served by mail Tapia Promotions' attorney of record as of September 30, 2024, which was Joseph Tapia. *See* [Doc. 21, at 3]; [Doc. 24, at 3]. As for the motions for entry of default and default judgment, Kelly points to the Court's filing system and USPS tracking data showing Troy Ward received service electronically and by mail. [Doc. 21, at 1]. Given Tapia Promotions presented no proof of Ward's incapacity at the time of service, Kelly argues Tapia Promotions caused its own failure to answer his counterclaims with carelessness and intentional delay. [Doc. 24, at 1–2]. Therefore, Kelly contends that default judgment is necessary to protect the "order and predictability in the legal process and reliance upon . . . the Federal Rules of Civil Procedure." [Doc. 21, at 4–5].

### III.     APPLICABLE LAW

**A.     Entry of Default and Default Judgment.**

When a party does not appear or otherwise fails to defend against a claim, the claimant may seek default judgment. *Nev. Gen. Ins. Co. v. Anaya*, 326 F.R.D. 685, 690 (D.N.M. 2018) (citing Fed. R. Civ. P. 55). The claimant must first demonstrate that the defendant has failed to plead or defend against the claim, and upon that showing the clerk of the court will enter default. Fed. R. Civ. P. 55(a). Once default is entered, the claimant may seek judgment. Fed. R. Civ. P. 55(b). The clerk may enter judgment if the relief sought is a "sum certain" of damages, but the claimant must apply to the court if seeking any other relief instead of or in addition to a sum certain. *Id.*; *see Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007).

Before the court enters default judgment, it may set aside the entry of default for "good cause." Fed. R. Civ. P. 55(c). Factors for good cause include whether the default was willful, the prejudice to the claimant, and whether the defaulted party can present a meritorious defense. *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009). Good cause is a lenient standard given the preferred disposition of any claim is on its merits. *Martinez v. CitiMortgage, Inc.*, 347 F. Supp. 3d 677, 691 (D.N.M. 2018).

B.   **Permitting Untimely Answers.**

On a motion a court may permit the untimely filing of an answer if there was good cause and the party failed to act due to "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is an equitable determination which considers the danger of prejudice to the nonmovant, the length of delay and its impact on the proceedings, the reason for the delay—including if it was in the movant's "reasonable control"—and whether the movant acted in good faith. *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (citation omitted). The cause of the delay is the most important and potentially dispositive factor. *Id.* However, the cause need not have been unavoidable. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993).

While related to the good cause standard, excusable neglect is distinct. *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017) (citation omitted). Good cause requires a "substantial reason" to set aside default; excusable neglect under Rule 6(b)(1) demands both a showing of good faith by the movant and a "reasonable basis" for having failed to meet the filing deadline. *Kucera v. CIA*, 429 F. Supp. 3d 970, 972 (D.N.M. 2019) (internal quotations omitted). But Rule 6(b)(1) favors disposition of cases on their merits as well. *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016).

## IV.    ANALYSIS

I recommend the Court set aside the entry of default, allow Tapia Promotions to file an untimely answer to Kelly's counterclaims, and deny Kelly's motion for default judgment because Tapia Promotions has shown good cause and excusable neglect.

**A.    Tapia Promotions Has Shown Good Cause to Set Aside Default.**

I recommend that Tapia Promotions has shown good cause to set aside the default because its default was not willful, Kelly will suffer minimal prejudice, and Tapia Promotions can present meritorious defenses to Kelly's counterclaims.

*1.    Tapia Promotions' default was not willful.*

I recommend the Court find Tapia Promotions' default was not willful due to service issues and counsel's poor health. Motions and notices must be served on a party's attorney, and permissible media include mail or the Court's electronic filing system. Fed. R. Civ. P. 5(b)(1), (2)(C), (2)(E). The notice of removal and Kelly's counterclaims were served electronically on Artuso, but the state court granted Artuso's withdrawal prior to removal. [Doc. 12, at 2]; [Doc. 22-1]. Thus, service on Artuso was improper.

6

Kelly, however, certified that he mailed the notice and answer to Joseph Tapia, who entered an appearance on behalf of Tapia Promotions. [Doc. 24, at 6–8]. While Tapia Promotions argues Joseph Tapia only entered a limited appearance and sought to withdraw, the state court order approving Artuso's withdrawal cited Joseph Tapia's representation as a reason to grant it. *Id.* at 10. Nevertheless, Joseph Tapia has never entered an appearance in this Court. In the notice of removal, Artuso's name appears on the complaint, summons, and arbitration certificate. [Doc. 1, at 6–18]. Joseph Tapia's name appears twice, once in Kelly's certificate of service and once as Tapia Promotions' listed attorney on the civil cover sheet on the last page. *Id.* at 4, 21. It therefore appears that the entry of Artuso was a clerical error, and an attorney of record recognized by this Court was never served with Kelly's counterclaims pursuant to Rule 5(b).

Kelly asserts that regardless of service issues Tapia Promotions did not move to file its answer for over ninety days after new counsel Ward entered his appearance. *See* [Doc. 21, at 4]. But Tapia Promotions claims the delay was caused by Ward's serious medical complications. [Doc. 22, at 4]. While Kelly argues Ward's health does not constitute good cause for lack of proof, I find no reason to question Tapia Promotions' representations. The fact that Tapia Promotions filed its motion to untimely file the day after obtaining new counsel supports that Ward's health and communication issues were genuine. *See* [Docs. 19, 20]; *see also Moeller v. Holland LP*, No. 21-cv-00963, 2022 WL 392461, at *7 (Feb. 9, 2022). In addition, Ward has not made a single filing in this case since the objection to removal. [Doc. 6].

  2. *Kelly will suffer minimal prejudice.*

Kelly will suffer minimal prejudice by setting default aside. Tapia Promotions' objection to removal has put the Court's subject matter jurisdiction in dispute, delaying the issuance of a scheduling order and discovery. Since the case has not progressed beyond the pleadings, Kelly

7

will not experience undue delay or cost by reopening his counterclaims' merits. While Kelly asserts setting aside default would undermine the reliability of the rules of civil procedure, issues with procedural compliance in this case have not been one-sided. Regardless, Rule 55(c) generally favors permitting a case to proceed on its merits. *Martinez*, 347 F. Supp. 3d at 691.

        3.      *Tapia Promotions has meritorious defenses.*

Finally, Tapia Promotions can present meritorious defenses to Kelly's counterclaims. First, Tapia Promotions' factual allegations for its claims, which will still proceed on their merits, contradict the factual allegations Kelly relies on for his counterclaims. Second, Tapia Promotions asserts Kelly's counterclaims fail to state a claim for relief. [Doc. 20-1, at 1]. Three out of five of Kelly's counterclaims invoke the Federal Rules of Civil Procedure and criminal statutes, which cannot be privately enforced as causes of action. *Clements v. Chapman*, 189 F. App'x 688, 692 (10th Cir. 2006) (citing *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986)); *Bronnenberg v. Eggar*, No. 19-cv-00021, 2019 WL 13260183, at *3 (D. Wyo. Feb. 25, 2019). Thus, Tapia Promotions' defenses against Kelly's counterclaims have merit.

For these reasons, I recommend the Court set aside the entry of default on Kelly's counterclaims. Consequently, I recommend the Court deny Kelly's motion for default judgment [Doc. 16]. *See Anaya*, 326 F.R.D. at 690–91 (entry of default is prerequisite for default judgment).

**B.    Tapia Promotions Has Shown Excusable Neglect for Failing to File a Timely Answer.**

I recommend Tapia Promotions has shown excusable neglect. While it may have been possible for Tapia Promotions to have answered the counterclaims sooner, the service issues caused by the attorney-of-record error and Ward's health show Tapia Promotions' failure to answer was reasonable and not willful. *See Perez*, 847 F.3d at 1253 (citing *United States v. Ruth*, 946 F.2d 110, 112 n.2 (10th Cir. 1991)) (health challenges can be adequate justification for late

filings); *see also Pioneer*, 507 U.S. at 392 (failure to file need not have been entirely out of party's ability to avoid so long as it was reasonable). With respect to prejudice and impact on the case, delayed answers are permitted when a party challenges subject matter jurisdiction under Rule 12(b)(1). Fed. R. Civ. P. 12(a)(4). At least one court has found a challenge to removal sufficiently analogous to a Rule 12(b)(1) challenge to allow an untimely answer. *Ritts v. Dealers All. Credit Corp.*, 989 F. Supp. 1475, 1480 (N.D. Ga. 1997). Given the stage of proceedings, permitting an untimely answer will not obstruct the case's progress or inflict unfair cost on Kelly. Furthermore, permitting an untimely answer follows Rule 6(b)(1)'s policy of favoring cases' dispositions on their merits. *Rachel*, 820 F.3d at 394.

Because I recommend the Court grant Tapia Promotions' motion to untimely file an answer, I recommend the Court deny Kelly's motion to dismiss Tapia Promotions' motion.

## V.   CONCLUSION

For the reasons above, and contingent on the Court separately finding that it has jurisdiction over this case, I recommend the Court set aside the entry of default on Kelly's counterclaims [Doc. 18], DENY Kelly's motion for default judgment [Doc. 16], GRANT Tapia Promotions' motion to untimely file an answer [Doc. 20], and DENY Kelly's motion to dismiss Tapia Promotions' motion [Doc. 21] once jurisdiction in this case is resolved. I recommend the Court order Tapia Promotions to file its answer to Kelly's counterclaims within **seven (7) days** of its order.

_____
Hon. Jerry H. Ritter
United States Magistrate Judge

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of the Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of these proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**